IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS ZIMMERMAN, | : | |
| | : | 4:07-cv-818 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E.  Mannion |
| EUGENE BERNARDIER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### August 23, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 121), filed on August 1,

2010, which recommends that we grant the Motions for Summary Judgment filed

by Defendants Doctor D. Wagner ("Wagner") and Regina Farr-Killian ("Farr-

Killian").  (Docs. 97 and 111).  Plaintiff filed objections to the Magistrate Judge's

recommendation to grant Defendant Farr-Killian's Motion.  No objections to the

R&R have been filed by any party with respect to the Magistrate Judge's

recommendation regarding Defendant Wagner's Motion for Summary Judgment.[1]

For the reasons set forth below, the Court will adopt the R&R in its entirety.

## I.     STANDARD OF REVIEW

### A.     Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court

makes a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1);

*United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept,

reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. §

636(b)(1) permits whatever reliance the district court, in the exercise of sound

discretion, chooses to place on a magistrate judge's proposed findings and

recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423

U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.     Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden

---

[1] Objections were due by August 18, 2011.

of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party.  *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them.  *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982).  Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment."  *Anderson*, 477 U.S. at 247-48.

## II.   BACKGROUND

This action was filed by Plaintiff Thomas Zimmerman ("Plaintiff" or "Zimmerman") on May 3, 2007.  The only remaining claims in the case are Plaintiff's Eighth Amendment claims against Defendants Wagner and Farr-Killian.  In a previous Memorandum and Order issued in this case we summarized the facts of the case that are relevant to the instant Motions for Summary Judgment as follows:

> In 2006, while Zimmerman was not incarcerated, he underwent surgery on his [leg] stump to repair the injuries sustained in his falls.

4

(*Id.* at ¶ 41.)  The surgery required the insertion of a PICC line[2] to Zimmerman's heart, which was still in place when he was incarcerated again on October 30, 2006.  (*Id.* at ¶¶ 41-42.)  A few days after returning to prison, Dr. Wagner ordered Nurse Farr-Killian to remove the PICC line.  (*Id.* at ¶ 43.)  Dr. Wagner and Nurse Farr-Killian are employees of PrimeCare which was under contract with Schuylkill County to provide medical services to inmates at Schuylkill County Prison.  (*Id.* at ¶¶ 10, 48.)   Nurse Farr-Killian had difficulty removing the PICC line and yanked violently on it.  (*Id.* at ¶ 44.)  Zimmerman was taken to the Pottsville Hospital where x-rays showed that the PICC line had broken off in his chest.   (*Id.* at ¶ 45.)  Upon returning to prison, despite what the hospital radiologist had stated, Dr. Wagner told Zimmerman the image on the x-ray was not the PICC line but a calcium deposit or another plastic linear tube and refused to authorize removal of the PICC line.  (*Id.* at ¶¶ 46-47.)

(Doc. 84, pp. 6-7).[3]

## III.   DISCUSSION

As an initial matter, we note that we shall adopt Magistrate Judge Mannion's recommendation with respect to Defendant Wagner's Motion because we agree with the Magistrate Judge's conclusion that the record does not indicate that this Defendant acted with deliberate indifference.  (*See* R&R at pp. 16-17).  The facts in the record demonstrate that Defendant Wagner continuously exercised his

---

[2] PICC stands for peripherally inserted central catheter, a long-term central venous catheter, inserted peripherally.  Steadman's Medical Dictionary (27th ed. 2000).

[3] Within the R&R, Magistrate Judge Mannion undertook an exhaustive recitation of the facts in the record relevant to the instant Motions, thus for our purposes herein, the above factual summary is sufficient.  The reader is referred to pages 6 to 13 of the R&R for Magistrate Judge Mannion's summary of the record.

medical judgment, thus, even if Plaintiff disagreed with Defendant Wagner's treatment of him, no constitutional violation exists.  *See Brown v. Borough of Chambersburg*, 903 F. 2d 274, 278 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Accordingly, Defendant Wagner's Motion shall be granted.

Next we turn to an analysis of the Plaintiff's objections to the Magistrate Judge's recommendation that Defendant Farr-Killian's Motion for Summary Judgment be granted.  Specifically, the Plaintiff argues that the Magistrate Judge erred when he concluded that Farr-Killian did not subjectively believe the Plaintiff's complaints of pain when she attempted to remove the PICC line and that a reasonable finder of fact could conclude that Farr-Killian was aware of Plaintiff's pain and disregarded it.  We disagree.

In the Court's view, considering the undisputed facts in the record in the light most favorable to the Plaintiff, demonstrates that the Plaintiff has not established an Eighth Amendment deliberate indifference claim.  The record shows that Plaintiff began to complain of pain related to the removal of the PICC line before Farr-Killian even before the process began. The record further shows that once Farr-Killian encountered trouble removing the PICC line, she informed Dr. Wagner and he told her to place a warm compress around the entry site to aid in the process.  Despite this effort, Farr-Killian was unable to remove more than three

inches of the PICC line.  The record shows that she stopped attempting to remove the PICC line and the Plaintiff was sent to a local hospital for its removal. These facts show that Farr-Killian exercised professional judgment, sought the aid of Dr. Wagner when she first encountered trouble removing the PICC line, and only attempted to remove the PICC line for thirty seconds to one minute before ceasing her efforts and making arrangements for Plaintiff to be transported to a hospital. All of these facts, taken together, simply do not establish an Eighth Amendment claim.  Accordingly, Plaintiff's objection to the Magistrate Judge's recommendation shall be overruled and the R&R shall be adopted.

## IV.    CONCLUSION

Based on all of the foregoing, the R&R shall be adopted in its entirety, the pending Motions for Summary Judgment (Docs. 97 and 111) shall be granted and this matter shall be closed.  An appropriate Order shall issue.